## Case No. 12,469.

### SCHNEIDER v. JACKSON.[1]

Circuit Court, D. Connecticut. Jan. 19, 1878.

#### PATENTS—LAMP SHADE—ANTICIPATION.

[The Votti invention of a combination of a transparent shade holder and shade, constructed substantially as described, by which the two perform the functions of a chimney in inducing the draft which supplies the air requisite to combustion, and dispenses with the necessity for a chimney, was not anticipated by either the Chinnock, Fravis, or Fullager devices.]

[This was a bill in equity by Bennett B. Schneider against Franklin D. Jackson for an injunction and accounting. The bill

---

1 [Not previously reported.]

charged the infringement of reissued letters patent No. 7,511, granted to Carl Votti, February 13, 1877, the original letters patent, No. 182,973, having been granted October 3, 1876.]

William B. Wooster, for plaintiff.
Samuel B. Gardner, for defendant.

SHIPMAN, District Judge. This is a bill in equity based upon the alleged infringement of reissued letters patent, dated February 13, 1877, and granted to the plaintiff as assignee of Carl Votti, for an improvement in shade holders for lamps. The original patent to Votti was dated October 3, 1876. The bill prays for an injunction and an account. The answer alleges that the reissue is not for the same invention which was described in the original patent, and that Votti's invention had been anticipated, and had been described in sundry patents which will be hereafter particularly mentioned. The first defense was abandoned. The question of novelty is the only one which is practically in dispute, for if the plaintiff's patent is valid, infringement is not denied.

The specification of the reissued patent states, in substance, that the invention consists of a transparent or translucent shade holder and a shade, so arranged, with respect to each other and to the burner, that an ordinary lamp burner can be used without a chimney. The principal advantage of the invention is that the annoyance of broken chimneys is avoided. The burner is also cleaned, and the wick is trimmed, without difficulty.

The device is constructed as follows: An ordinary lamp burner is provided with a circumferential flange for the support of the cone, and which ordinarily also serves to support the chimney. This flange is provided with suitable perforations through which air is admitted within and without the cone. Instead of using the flange for the support of the ordinary chimney, the shade holder is placed directly upon the flange. The shade holder is provided with a tubular extension or socket which fits over the cone, leaving an air space between the inner surface and the outer surface of the cone. The socket extends and widens out into a broad dish-shaped flange provided with a rim which serves to support and hold the shade. This flange is perfectly closed, so that no air will pass to the flame, except that which is admitted through the perforation in the burner flange, and by these means a bright flame is produced without the use of an ordinary chimney. The first and principal claim is: "In a lamp having a burner, the combination of a shade holder made of material that will admit of the passage of light, and a shade or globe arranged and constructed substantially as described, whereby the burner performs the required functions without the use of a chimney, as set forth."

The Votti device seems to have been speedily received with favor by the public. Before it was put upon the market, no similar lamps had been manufactured. After its introduction, others than the owners of the Votti patent commenced to manufacture and sell articles which are substantially like the Votti device, and which are claimed to be protected by reissued patents to other inventors. The defendant's lamp was made under reissued letters patent to George Chinnock, dated December 26, 1876. The original patent was dated April 28, 1868. The defendant also claims that the Votti invention was anticipated by the patent of Ebenezer Blackman, dated February 6, 1872, and reissued to said Blackman and A. Homer Byington on December 5, 1876, numbered 7,417, and by the patent to James S. Fravis, dated May 18, 1869, and by the patent to William Fullager, dated June 7, 1870, reissued to the plaintiff, January 2, 1877, and by the patent to J. S. and T. B. Atterbury, dated December 16, 1873, and by the design patent to the same persons, dated October 5, 1875.

The object of the Chinnock invention was to provide a more free transmission of light, through a transparent rim at the base of the burner, than had been previously attained when the base of the burner was nontransparent. The free transmission of light was also effected by a glass shell or deflector, which served the purpose of a deflector and at the same time did not interfere with the radiation of light. An annular rim or plate of glass was placed upon the ordinary radial arms of sheet metal which were attached to the perforated bottom plate of the burner, and which served to retain the ordinary chimney in position. Seated upon or connected with the glass rim was a translucent shell of somewhat tapering form. The rim or shell surrounded the wick tube and cone. The lamp chimney was then placed upon the rim or upon the flange of the shell, and was held in position by the radial arms.

Under the reissued patent, the device which is shown in the Votti patent was manufactured. It is not necessary to consider whether this device is or is not embraced within the claims of the Chinnock reissue, or whether this reissue is or is not an improper enlargement of the original patent. It is sufficient to state the obvious fact that a lamp without a chimney, or a shade holder to serve the double purpose of holder and chimney, in combination with a shade, was not within the scope of Chinnock's invention or original patent. His invention did not accomplish, and did not seek to accomplish, this result.

The Blackman invention was said, in the original patent, to consist in a novel construction of a mica lamp chimney, and its combination with a glass base. Two sheets of mica were united at their vertical edges by a strip of sheet metal. The manner of uniting and securing the sheets of mica was particularly described. The bottom of the

chimney was made to fit over the top of the glass base. The upper portion of the base was made of suitable size and form to fit the chimney, and the lower portion was made to fit the lamp. Between the upper and lower portions the base was contracted by an external groove, while the upper portion "flared" or inclined outward. The claims were (1) for the mica chimney, and (2) for the glass base. The patent was reissued in two parts, one for the chimney and the other for the glass base. Neither the original nor the reissued Blackman patent, properly construed, covered his glass base without any chimney. The base can be used without a mica chimney, but the specifications and drawings, both of the original and of the reissued patent, show that the base was to be used in connection with what is ordinarily meant by a lamp chimney. It may have been the intention of the patentees to enlarge their patent, so as to claim a base supporting a shade without a chimney, but such is not the construction which should be given to the reissue in view of the state of the art.

The Fravis patent was for a translucent disk applied to the bottom of the shade of a gas burner, and having a central opening to permit the shade to be passed over the burner. The object was to obtain a softer and more mellowed light than is reflected from the sides of the ordinary shade. The ordinary chimney was used. The Fullager patent was an improvement upon the Fravis device, and consisted, in substance, of a porcelain bottom shade having a downward-projecting flange which rested on the brackets attached to the burner. A chimney was used, and could not be dispensed with unless the device was modified so as to have a longer socket and to elevate the shade holder from the burner, and thus to supply a current of heated air sufficient to support combustion.

Neither the Atterbury patent for a combined lamp shade and drip cup, nor the Atterbury design patent for lamp shade and chimney, contain features of importance to the present discussion.

The defect in the defendant's case is contained in the assumption, that the main result of Votti's invention was the reflection of the light downward through the transparent dish-shaped disk, and that his invention consisted in turning the rays downward through the shade holder, and thus mollifying the brightness of the light. This was the object of the Chinnock, Fravis, and Fullager devices, but the important feature of the Votti patent was the combination of transparent shade holder and shade, constructed substantially as described, by which the two perform the functions of a chimney in inducing the draft which supplies the air requisite to combustion. The distance between flame and glass is increased, so as to diminish materially the liability to breakage resulting from the unequal expansion of the glass by the heat of the flame.

Let there be a decree for an injunction and an account.

[For other cases involving this patent, see Cases Nos. 12,470a and 12,470b, 10 Fed. 666, and 21 Fed. 399.]